**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1357
_____

KASHMIR CROWN BAKING, LLC,
a New Jersey Limited Liability Company,
Appellant

v.

KASHMIR FOODS, INC., a New York Corporation;
SAEED YOUSAF, An Individual,
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 12-cv-01780)
District Judge:  Honorable Kevin McNulty
_____

Submitted Under Third Circuit LAR 34.1(a)
October 10, 2013
_____

Before: FUENTES, COWEN and BARRY, Circuit Judges

(Opinion Filed: November 6, 2013 )
_____

OPINION
_____

BARRY, Circuit Judge

     This case involves a trademark dispute between two companies that manufacture

snack food products sold at South Asian specialty markets.  Because we write primarily

for the parties, we assume their familiarity with the facts of this case and need not engage in other than a brief recitation of the factual and procedural background underlying their dispute.

Kashmir Crown Baking, L.L.C. ("KCB"), appellant herein, filed suit in March of 2012, asserting a total of ten claims under the Lanham Act, New Jersey statutory law, and the common law.[1] Among other things, KCB alleged that Kashmir Foods, Inc. ("KFI") was using marks on its product packaging that infringed four of KCB's registered trademarks, which we refer to as the KASHMIR BAKERY mark, the KASHMIR CROWN mark, and the two KCB design marks.

On March 23, 2012, KCB filed a motion for a preliminary injunction to enjoin KFI and its principal, Saeed Yousaf, from using the allegedly infringing marks on KFI's products. The District Court denied KCB's motion by order dated January 18, 2013. In the lengthy and comprehensive opinion that accompanied its order, the District Court addressed the merits of KCB's trademark infringement and unfair competition claims, and found that KCB had failed to carry its burden of establishing a likelihood of success on the merits of those claims.[2] More specifically, the District Court determined that KCB had not established a likelihood of success with respect to proving the validity and

---

[1] KCB's first four counts allege violations of the Lanham Act for (1) trademark infringement; (2) false designation of origin; (3) unfair competition; and (4) false advertising. KCB also asserts claims for (5) common law false advertising and unfair competition; (6) unfair competition under New Jersey statutory law; (7) unjust enrichment; (8) violation of the New Jersey Consumer Fraud Act; (9) misappropriation of trade secrets; and (10) tortious interference with prospective economic advantage.

[2] KCB does not ask this Court to determine whether a preliminary injunction was warranted based on any of its other claims.

2

registrability of its KASHMIR BAKERY mark and with respect to proving its ownership of the KASHMIR CROWN mark. It also found that, on the record before it, KCB had not demonstrated, as it was required to do, that KFI's branding, when compared against any of KCB's four registered marks, created a likelihood of consumer confusion as to the source of KFI products.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(b), and 1367(a), and we have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). When reviewing a district court's refusal to grant a preliminary injunction, we review the district court's conclusions of law *de novo*, its findings of fact for clear error, and its ultimate decision to deny the injunction for abuse of discretion. *Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012); *Swartzwelder v. McNeilly*, 297 F.3d 228, 234 (3d Cir. 2002).

For substantially the reasons stated in the District Court's thorough and well-reasoned opinion, we find that KCB has not shown that it was entitled to the extraordinary relief of a preliminary injunction. We will, therefore, affirm the order of the District Court.